IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
Eastern Division

IN RE:                                           IN PROCEEDINGS UNDER CHAPTER 7

VIETTA N. JOHNSON,                  CASE NO.: 06-15883

           Debtor.                           JUDGE RANDOLPH BAXTER

## MEMORANDUM OF OPINION AND ORDER

The matter before the Court is Vietta N. Johnson's (Debtor) Application for Waiver of the Chapter 7 Filing Fee for Individuals Who Cannot Pay the Filing Fee in Full or Installments ("Application"). The Trustee objected to the Application. The Court acquires core matter jurisdiction over the instant matter pursuant to 28 U.S.C. §§ 157(a) and (b), 28 U.S.C. § 1334, and General Order Number 84 of this District. Following a duly-noticed hearing, the following findings and conclusions are rendered:

Pursuant to 28 U.S.C. § 1930, as amended by § 418 of the Bankruptcy Abuse Prevention & Consumer Protection Act of 2005, Pub.L. 109-8 (effective October 17, 2005), this Court may waive the filing fee in a case under Chapter 7 of Title 11 for an individual if:

> [u]nder the procedures prescribed by the Judicial Conference of the United States. . .the court determines that such individual has income less than 150 percent of the income official poverty line (as defined by the Office of Management and Budget, and revised annually in accordance with section 673(2) of the Omnibus Budget Reconciliation Act of 1981) applicable to a family of the size involved and is unable to pay that fee in installments.

28 U.S.C. 1930(f)(1). See 28 U.S.C. § 1930(f)(1).

The Judicial Conference of the United States promulgated Interim Procedures Regarding the Chapter 7 Fee Waiver Provisions of the Bankruptcy Abuse Prevention and Consumer

Protection Act of 2005 on August 11, 2005 ("Interim Procedures.")[1] Pursuant to the Interim Procedures, a court determining a fee waiver request under this provision should consider the following factors:

First, the court must determine whether the debtor (or debtors, if a joint petition is filed) has income as reported on Line 16 of Schedule I, not including governmental non-cash assistance (such as food stamps or housing subsidies), of less than 150% of the poverty guidelines last published by the United States Department of Health and Human Services ("DHHS") applicable to a family of the size involved. A Debtor with income greater than the 150% DHHS poverty guideline, is not eligible for a waiver of the filing fee. *See* Interim Procedures at ¶ II.A.1, 2 and 3.

Second, the court must determine whether the debtor is unable to pay the fee in installments, based on the totality of the circumstances. *See* Interim Procedures at ¶ II.A.5. While a debtor is not disqualified from a waiver of the filing fee solely because the debtor has paid, or has promised to pay, an attorney, petition preparer, or debt relief agency for the bankruptcy case, the guidelines do not prohibit the court from considering such payment or promise to pay as a factor to be considered on the issue of whether the debtor is able to pay the fee through installments. *Id.* The debtor bears the burden of showing that the application for waiver of the filing fee should be granted. *Id.* at II.A.6.; *In re Nuttall*, 334 B.R. 921, 922 -923 (Bankr. W.D. Mo. 2005).

The Debtor's application states that there are two members in her family. Her application

---

[1] The Interim Procedures can be found at:
http://www.uscourts.gov/bankruptcycourts/jcusguidelines.html

reflects her monthly expenses total $1,292.00 with monthly income of $1,282.00. This information is consistent with the information provided in her Schedule I (Current Income of Individual Debtor(s) and Schedule J (Current Expenditures of Individual Debtor(s)). Based on the Debtor's income for her family size, her income is less than 150% of the poverty guidelines.[2] Furthermore, the Debtor's expenditures are greater than her income, demonstrating that she does not have the ability to pay the filing fee in installments.

The Trustee objects to Debtor's application and contends that Debtor is able to pay the filing fee in installments. Specifically, the Trustee argues that the filing fee should not be waived because the Debtor's budget includes $70 monthly for cable, $175 monthly for car insurance on a vehicle she has or will surrender and because she paid her attorney $300.

In *Nuttall*, supra, the court evaluated the reasonableness of the debtor's scheduled expenses by comparing such expenses to the Internal Revenue Service ("IRS") guidelines that "establish a standard as to expenses which have been accepted by Congress elsewhere as a starting point in determining reasonableness." *Id.* at 924. Debtor's counsel stated at the hearing on this matter that the $175 in insurance scheduled on Debtor's Schedule J includes $75 monthly for renter's insurance. The surrendering of the vehicle reduces this expense to $75.00 monthly. The IRS Local Transportation Expense Standards in the Cleveland area for a family with no vehicle is $204 per month. Therefore, the $200 total that Debtor has in her budget related to transportation expenses is reasonable.[3] The Court further finds that Debtor's overall budget is

---

[2]Debtor's income is $15,384; 150% of the DHHS poverty guidelines for a family of two is $19,800.

[3]This includes the $100 that Debtor previously used for car insurance and the $100 listed in Debtor's Schedule J, line 8, for transportation.

3

reasonable and will not deny the application because Debtor pays cable in the amount of $70 per month.

Finally, the Court will not deny the application based on the fact that Debtor paid her attorney $300.00. At the hearing, the Trustee argued that the Court routinely does not allow counsel to be paid until court costs have been paid. There is no General Order, Administrative Order or local rule supporting the Trustee's argument in this regard. Nor is there an exception found in 28 U.S.C. 1930(f)(1) which prohibits a Debtor from receiving a fee application waiver merely because counsel was paid. In this case, the Court finds that $300.00 was a modest fee amount and is not a sufficient reason for denial of the application.

Accordingly, the Debtor's Application is hereby approved. The Trustee's objection is overruled.

**IT IS SO ORDERED.**

Dated this 5th day of January, 2007

RANDOLPH BAXTER
CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

4